UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IAN FINLAYSON,<br><br>               Plaintiff,<br><br>   v.<br><br>1LIFE HEALTHCARE, INC., AMIR DAN RUBIN, PAUL R. AUVIL, MARK S. BLUMENKRANZ, BRUCE W. DUNLEVIE, KALEN F. HOLMES, DAVID P. KENNEDY, FREDA LEWIS-HALL, ROBERT R. SCHMIDT, SCOTT C. TAYLOR, and MARY ANN TOCIO,<br><br>               Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br><br><br>**JURY TRIAL DEMAND** |

Plaintiff Ian Finlayson ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE OF THE ACTION**

1.  Plaintiff brings this action against 1Life Healthcare, Inc., d/b/a One Medical ("One Medical" or the "Company") and One Medical's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, arising out of the Board's attempt to sell the Company to Amazon.com, Inc. through its wholly-owned subsidiary Negroni Merger Sub, Inc. (collectively "Amazon").

2.  Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading preliminary proxy statement (the "Proxy") to be filed with the Securities and Exchange Commission ("SEC") on August 10, 2022. The Proxy

1

recommends that One Medical stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby One Medical is acquired by Amazon. The Proposed Transaction was first disclosed on July 21, 2022, when One Medical and Amazon announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Amazon will acquire all of the outstanding shares of common stock of One Medical for $18.00 per share (the "Merger Consideration"). The deal is valued at approximately $3.9 billion.

3.      The Proxy is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy contains materially incomplete and misleading information concerning the sales process, financial projections prepared by One Medical management, as well as the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley"), One Medical's financial advisor.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction, including filing a definitive proxy statement ("Definitive Proxy") with the SEC or otherwise causing a Definitive Proxy to be disseminated to One Medical's stockholders, unless and until the material information discussed below is included in the Definitive Proxy or otherwise disseminated to One Medical's stockholders. In the event the Proposed Transaction is consummated without the material omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the Defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of One Medical.

6.      Defendant One Medical is a corporation organized and existing under the laws of

the State of Delaware. The Company's principal executive offices are located at One Embarcadero Center, Suite 1900, San Francisco, CA 94111. One Medical common stock trades on NASDAQ under the ticker symbol "ONEM."

7. Defendant Amir Dan Rubin has been President, CEO and a director of the Company since 2017. Defendant Rubin serves as Chair of the Board.

8. Defendant Paul R. Auvil has been a director of the Company since 2019.

9. Defendant Mark S. Blumenkranz has been a director of the Company since 2019.

10. Defendant Bruce W. Dunlevie has been a director of the Company since 2007.

11. Defendant Kalen F. Holmes has been a director of the Company since 2017.

12. Defendant David P. Kennedy has been a director of the Company since 2007.

13. Defendant Freda Lewis-Hall has been a director of the Company since 2019.

14. Defendant Robert R. Schmidt has been a director of the Company since 2018.

15. Defendant Scott C. Taylor has been a director of the Company since 2021.

16. Defendant Mary Ann Tocio has been a director of the Company since 2021.

17. Defendants Rubin, Auvil, Blumenkranz, Dunlevie, Holmes, Kennedy, Lewis-Hall, Schmidt, Taylor and Tocio are collectively referred to herein as the "Board."

18. Nonparty Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware. Amazon.com, Inc.'s principal executive offices are located at 410 Terry Avenue North, Seattle, Washington 98109. Amazon.com, Inc. common stock trades on NASDAQ under the ticker symbol "AMZN."

19. Nonparty Negroni Merger Sub, Inc. is a Delaware corporation and is a wholly owned subsidiary of Amazon.com, Inc.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

21. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

22. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because a significant amount of the conduct at issue took place and had an effect in this District.

## FURTHER SUBSTANTIVE ALLEGATIONS

### A. Background of the Company and the Proposed Transaction

23. One Medical is a membership-based primary health care company that offers digital and in-office health care to its members. As of December 31, 2021, the Company operated 182 medical offices that treated 736,000 members across the United States. One Medical reported net revenues of $623.3 million for 2021.

24. On July 20, 2022, the Company entered into the Merger Agreement with Amazon.

25. According to the press release issued on July 21, 2022, announcing the Proposed Transaction:

**Amazon and One Medical sign an agreement for Amazon to acquire One Medical**

*One Medical is a human-centered, technology-powered U.S. primary care organization on a mission to make quality healthcare more affordable, accessible,*

*and enjoyable through a seamless combination of in-person, digital, and virtual care services*

*One Medical combines in-person care in inviting offices across the country with digital health and virtual care services, making it easier for patients to schedule appointments, renew prescriptions, access up-to-date health records, and advance health outcomes*

SEATTLE & SAN FRANCISCO—(BUSINESS WIRE)—July 21, 2022—Today Amazon (NASDAQ:AMZN) and One Medical (NASDAQ:ONEM) announced that they have entered into a definitive merger agreement under which Amazon will acquire One Medical. One Medical is a human-centered, technology-powered national primary care organization on a mission to make quality care more affordable, accessible, and enjoyable through a seamless combination of in-person, digital, and virtual care services that are convenient to where people work, shop, and live.

"We think health care is high on the list of experiences that need reinvention. Booking an appointment, waiting weeks or even months to be seen, taking time off work, driving to a clinic, finding a parking spot, waiting in the waiting room then the exam room for what is too often a rushed few minutes with a doctor, then making another trip to a pharmacy – we see lots of opportunity to both improve the quality of the experience *and* give people back valuable time in their days," said Neil Lindsay, SVP of Amazon Health Services. "We love inventing to make what should be easy easier and we want to be one of the companies that helps dramatically improve the healthcare experience over the next several years. Together with One Medical's human-centered and technology-powered approach to health care, we believe we can and will help more people get better care, when and how they need it. We look forward to delivering on that long-term mission."

"The opportunity to transform health care and improve outcomes by combining One Medical's human-centered and technology-powered model and exceptional team with Amazon's customer obsession, history of invention, and willingness to invest in the long-term is so exciting," said Amir Dan Rubin, One Medical CEO. "There is an immense opportunity to make the health care experience more accessible, affordable, and even enjoyable for patients, providers, and payers. We look forward to innovating and expanding access to quality healthcare services, together."

Amazon will acquire One Medical for $18 per share in an all-cash transaction valued at approximately $3.9 billion, including One Medical's net debt. Completion of the transaction is subject to customary closing conditions, including approval by One Medical's shareholders and regulatory approval. On completion, Amir Dan Rubin will remain as CEO of One Medical.

**B. The Materially Incomplete and Misleading Proxy**

26.     On August 10, 2022, Defendants filed the Proxy with the SEC. The purpose of the Proxy is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote in favor of the Proposed Transaction. However, significant and material facts were not provided to Plaintiff. Without such information, Plaintiff cannot make a fully informed decision concerning whether to vote in favor of the Proposed Transaction.

*Materially Incomplete and Misleading Disclosures Concerning the Management-Prepared Financial Forecasts*

27.     The Proxy discloses management-prepared financial projections for the Company which are materially misleading. The Proxy indicates that in connection with the rendering of Morgan Stanley's fairness opinion, Morgan Stanley reviewed "certain financial projections prepared by the management of [One Medical]." Accordingly, the Proxy should have, but failed to, provide certain information in the projections that One Medical's management provided to the Board and Morgan Stanley.

28.     Notably, the Proxy fails to disclose the line items underlying the calculation of Care Margin, Adjusted EBITDA, and Unlevered Free Cash Flow under Management Case A and Management Case B. The Proxy also fails to disclose the estimated unlevered free cash flows calculated by Morgan Stanley, including earnings before interest, taxes, depreciation and amortization, a portion of stock-based compensation expense, taxes, federal and state net operating losses, capital expenditures, and changes in net working capital. This omitted information is necessary for Plaintiff to make an informed decision on whether to vote in favor of the Proposed Transaction.

***Materially Incomplete and Misleading Disclosures Concerning Morgan Stanley's Financial Analyses***

29.     With respect to the *Public Trading Benchmarks Analysis*, the Proxy fails to disclose One Medical's total debt and cash and cash equivalents as used to calculate One Medical's "aggregate value." The Proxy also fails to disclose the number of One Medical's outstanding shares of common stock on a fully diluted basis as of July 19, 2022.

30.     With respect to the *Discounted Equity Value Analysis,* the Proxy fails to disclose the inputs and assumptions underlying the selection of NTM revenue multiples of 1.50x to 2.50x. The Proxy further fails to disclose the estimated net debt of One Medical as of year-end 2024, as well as the number of fully diluted common shares of One Medical as of year-end 2024. In addition, the Proxy fails to disclose One Medical's estimated cost of equity.

31.     With respect to the *Discounted Cash Flow Analysis*, the Proxy fails to disclose the calculated terminal values, as well as in the inputs and assumptions underlying the selection of a perpetual growth rate of 3.0% to 4.0%. In addition, the Proxy fails to disclose the inputs and assumptions underlying the selection of a discount rate of 12.9% to 14.0%, including One Medical's weighted average cost of capital. The Proxy further fails to disclose One Medical's net cash as of June 30, 2022, and the present value of a future projected common equity issuance. The Proxy also fails to disclose the number of fully diluted shares of One Medical common stock as of July 19, 2022, as well as the basis for the selection of that date for calculating the number of outstanding shares of One Medical common stock.

32.     With respect to the *Precedent Transactions – Premiums Paid Analysis*, the Proxy fails to disclose the number of transactions considered, as well as the percentage premiums for each selected transaction.

33.     With respect to the *Public Trading Benchmarks Analysis – July 19 Multiples*, the

Proxy fails to disclose One Medical's total debt and cash and cash equivalents as used to calculate One Medical's "aggregate value." The Proxy also fails to disclose the number of One Medical's outstanding shares of common stock on a fully diluted basis as of July 19, 2022.

34.     With respect to the *Broker Price Targets Analysis*, the Proxy fails to disclose the number of price targets considered, the price targets reviewed, and the sources thereof. In addition, the Proxy fails to disclose the inputs and assumptions underlying the selection of a discount rate of 14.8%, including One Medical's weighted average cost of capital.

> ***Materially Incomplete and Misleading Disclosures Concerning the Flawed Process***

35.     The Proxy also fails to disclose material information concerning the sales process. For example, the Proxy fails to disclose whether the "Board subgroup," consisting of Defendants Dunlevie, Schmidt, Auvil, and Kennedy, had the authority to act on behalf of the Board concerning the Proposed Transaction. The Proxy also fails to disclose whether the "Board subgroup" updated the rest of the Board on the updates provided by One Medical's management and Morgan Stanley on January 31, 2022, April 1, 2022, April 16, 2022, and April 20, 2022.

36.     The Proxy fails to disclose the preliminary financial analyses provided to the Board and the "Board subgroup" throughout the sales process, including the financial analyses discussed on April 1, 2022, April 23, 2022, June 2, 2022, and July 17, 2022.

37.     Furthermore, the Proxy fails to disclose whether the standstill provisions in the confidentiality agreement with Party A automatically terminated when One Medical entered into the Merger Agreement with Amazon.

38.     The Proxy notes that Defendant Rubin discussed with the Board "Amazon's expectation that [he] would sign an employment letter concurrently with the entry into the merger agreement," p. 39, yet had not had any employment-related discussions with Amazon. The Proxy

does not disclose how Defendant Rubin was aware of Amazon's plans concerning post-closing employment, nor whether any other officers had discussions with Amazon concerning post-closing employment.

39. The Proxy also fails to disclose the services Morgan Stanley provided to both Amazon and One Medical in the two years prior to rendering its fairness opinion, as well as the exact compensation received for rendering such services.

40. This information is necessary to provide Company stockholders a complete and accurate picture of the sales process and its fairness. Without this information, Plaintiff is not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process. And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

41. In addition, the Individual Defendants knew or recklessly disregarded that the Proxy omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

42. Specifically, the Individual Defendants undoubtedly reviewed the contents of the Proxy before it was filed with the SEC. Indeed, as directors of the Company, they were required to do so. The Individual Defendants thus knew or recklessly disregarded that the Proxy omits the material information referenced above and contains the incomplete and misleading information referenced above.

43. Further, the Proxy indicates that on July 20, 2022, Morgan Stanley reviewed with the Board its financial analysis of the Merger Consideration and delivered to the Board an oral opinion, which was confirmed by delivery of a written opinion of the same date, to the effect that

the Merger Consideration was fair, from a financial point of view to One Medical stockholders. Accordingly, the Individual Defendants undoubtedly reviewed or were presented with the material information concerning Morgan Stanley's financial analyses which has been omitted from the Proxy, and thus knew or should have known that such information has been omitted.

44. Plaintiff is immediately threatened by the wrongs complained of herein and lacks an adequate remedy at law. Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that he will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

## COUNT I

**Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9**

45. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

46. Defendants have filed the Proxy with the SEC with the intention of soliciting One Medical stockholder support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Proxy, which fails to provide the material information referenced above.

47. In so doing, Defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors of One Medical, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

48. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with

respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

49.     Specifically, and as detailed above, the Proxy violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of One Medical shares and the financial analyses performed by Morgan Stanley in support of its fairness opinion; and (iii) the sales process.

50.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the Proxy is materially misleading and omits material information that is necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the Proxy states that Morgan Stanley reviewed and discussed its financial analyses with the Board during various meetings including on July 20, 2022, and further states that the Board considered Morgan Stanley's financial analyses and fairness opinion in connection with approving the Proposed Transaction. The Individual Defendants knew or should have known that the material information identified above has been omitted from the Proxy, rendering the sections of the Proxy identified above to be materially incomplete and misleading.

51.     The misrepresentations and omissions in the Proxy are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

52.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

53.     The Individual Defendants acted as controlling persons of One Medical within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of One Medical and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

54.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy and other statements alleged by Plaintiff to be misleading prior to the time the Proxy was filed with the SEC and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy.

56.     In addition, as the Proxy sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

57.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing a Definitive Proxy with the SEC or otherwise disseminating a Definitive Proxy to One Medical stockholders unless and until Defendants agree to include the material information identified above in the Definitive Proxy;

B.      Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy;

C. In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 22, 2022                                     **ROWLEY LAW PLLC**

*S/ Shane T. Rowley*
Shane T. Rowley (SR-0740)
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Tel: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Attorneys for Plaintiff*